# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 04 C 5199<br>) |
| CHAMPION DRYWALL, INC., | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' partial motion for summary judgment on Count I. For the reasons stated below, we grant Plaintiffs' motion for summary judgment on Count I.

## BACKGROUND

Plaintiffs allege that Defendant Champion Drywall, Inc. ("Champion"), is a party to a collective bargaining agreement ("CBA"). According to Plaintiffs, under the terms of the CBA, Champion is obligated to make contributions to certain trust funds based upon the hours worked by Champion's employees. Plaintiffs claim that an audit revealed that Champion failed to make contributions that were due between

October of 1997 and June of 2000. Plaintiffs also claim that Champion failed to make contributions for certain managerial and supervisory employees at the prescribed rate of 160 hours per month ("160 hour rule"). Finally, Plaintiffs allege that Champion improperly failed to designate James Robbins and Paul Robbins as salaried superintendents that performed carpentry work. Plaintiffs brought the instant action pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiffs seek to recover certain delinquent contributions in Count I and seek to recover delinquent contributions for violation of the 160 hour rule in Count II. Plaintiffs have moved for summary judgment on Count I.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial

burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Plaintiffs filed the instant motion for summary judgment and this court gave Champion until April 4, 2005, to answer the motion for summary judgment. On April 3, 2005, we granted Champion's motion for an extension of time to respond to

Plaintiff's motion for summary judgment and we gave Champion until April 15, 2005, to respond to Plaintiffs' motion for summary judgment. However, despite the extension provided to Champion by the court, Champion failed to answer the instant motion by the extended deadline. Champion eventually filed an untimely answer on April 18, 2005.

Champion argues that "[t]he rules governing summary judgment motions are well established." (Ans. 3). The rules governing summary judgment motions are indeed well established and one key rule that governs summary judgment motions is Local Rule 56.1. Plaintiffs filed a statement of material facts pursuant to Local Rule 56.1 and Champion has not filed any response to the statement of material facts. Therefore, all the facts contained in Plaintiffs' statement of material facts are deemed admitted pursuant to Local Rule 56.1. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1. *see also Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating that a court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions."); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating "that a district court is entitled to expect strict compliance with Rule 56.1." and that "[s]ubstantial compliance is not strict compliance."). Champion argues that Plaintiffs' motion for summary judgment is premature and that "Plaintiffs' summary judgment motion

attempts to short cut the proceedings in this case before discovery has been completed and an adequate factual record has been developed." (Ans. 4). However, there is no need to waste Plaintiffs' and the court's time and resources proceeding onward in discovery over matters contained in Plaintiffs' statement of material facts. Plaintiffs have asserted the material facts that show that they are entitled to judgment as a matter of law on Count I and Champion has failed to dispute those facts when given an opportunity to do so in accordance with Local Rule 56.1. Champion thus admits, pursuant to Local Rule 56.1 that it was required to make the contributions specified by Plaintiffs. ( R SF 5). Champion admits that an audit was conducted that revealed that Champion had underpaid its required contributions in the amounts specified by Plaintiffs. ( R SF 6, 7). Champion also admits that, under the terms of the CBA, Champion is required under the CBA to pay costs, attorneys' fees, reasonable and necessary audit fees associated with the audit, liquidated damages for the delinquent contributions, and interest on the delinquent contributions. ( R SF 7-9). Based upon the admissions made by Champion, pursuant to Local Rule 56.1, no reasonable trier of fact could find in favor of Champion on the claim in Count I. Therefore, we grant Plaintiffs' motion for summary judgment on Count I.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiffs' motion for summary

judgment on Count I.

This matter is before the court on Plaintiffs' partial motion for summary judgment on Count I. For the reasons stated below, we grant Plaintiffs' motion for summary judgment on Count I.

## BACKGROUND

Plaintiffs allege that Defendant Champion Drywall, Inc. ("Champion"), is a party to a collective bargaining agreement ("CBA"). According to Plaintiffs, under the terms of the CBA, Champion is obligated to make contributions to certain trust funds based upon the hours worked by Champion's employees. Plaintiffs claim that an audit revealed that Champion failed to make contributions that were due between October of 1997 and June of 2000. Plaintiffs also claim that Champion failed to make contributions for certain managerial and supervisory employees at the prescribed rate of 160 hours per month ("160 hour rule"). Finally, Plaintiffs allege that Champion improperly failed to designate James Robbins and Paul Robbins as salaried superintendents that performed carpentry work. Plaintiffs brought the instant action pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiffs seek to recover certain delinquent contributions in Count I and seek to recover

delinquent contributions for violation of the 160 hour rule in Count II. Plaintiffs have moved for summary judgment on Count I.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Plaintiffs filed the instant motion for summary judgment and this court gave Champion until April 4, 2005, to answer the motion for summary judgment. On April 3, 2005, we granted Champion's motion for an extension of time to respond to Plaintiff's motion for summary judgment and we gave Champion until April 15, 2005, to respond to Plaintiffs' motion for summary judgment. However, despite the extension provided to Champion by the court, Champion failed to answer the instant motion by the extended deadline. Champion eventually filed an untimely answer on April 18, 2005.

Champion argues that "[t]he rules governing summary judgment motions are well established." (Ans. 3). The rules governing summary judgment motions are indeed well established and one key rule that governs summary judgment motions is

Local Rule 56.1. Plaintiffs filed a statement of material facts pursuant to Local Rule 56.1 and Champion has not filed any response to the statement of material facts. Therefore, all the facts contained in Plaintiffs' statement of material facts are deemed admitted pursuant to Local Rule 56.1. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1. *see also Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating that a court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions."); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating "that a district court is entitled to expect strict compliance with Rule 56.1." and that "[s]ubstantial compliance is not strict compliance."). Champion argues that Plaintiffs' motion for summary judgment is premature and that "Plaintiffs' summary judgment motion attempts to short cut the proceedings in this case before discovery has been completed and an adequate factual record has been developed." (Ans. 4). However, there is no need to waste Plaintiffs' and the court's time and resources proceeding onward in discovery over matters contained in Plaintiffs' statement of material facts. Plaintiffs have asserted the material facts that show that they are entitled to judgment as a matter of law on Count I and Champion has failed to dispute those facts when given an opportunity to do so in accordance with Local Rule 56.1. Champion thus admits, pursuant to Local Rule 56.1 that it was required to make the contributions

specified by Plaintiffs. ( R SF 5). Champion admits that an audit was conducted that revealed that Champion had underpaid its required contributions in the amounts specified by Plaintiffs. ( R SF 6, 7). Champion also admits that, under the terms of the CBA, Champion is required under the CBA to pay costs, attorneys' fees, reasonable and necessary audit fees associated with the audit, liquidated damages for the delinquent contributions, and interest on the delinquent contributions. ( R SF 7-9). Based upon the admissions made by Champion, pursuant to Local Rule 56.1, no reasonable trier of fact could find in favor of Champion on the claim in Count I. Therefore, we grant Plaintiffs' motion for summary judgment on Count I.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiffs' motion for summary judgment on Count I.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 19, 2005